**William C. HOUCHIN, Jr., Petitioner,**

v.

**Aristedes W. ZAVARAS, Director, Colorado Department of Corrections, Respondent.**

**Civil Action No. 93–K–2651.**

United States District Court, D. Colorado.

May 1, 1996.

---

1. The authority to which this incomplete citation refers cannot be ascertained from the papers filed by Norwest.

Jean E. Dubofsky, Boulder, CO, for Petitioner.

Wendy J. Ritz, Assistant Attorney General, Denver, CO, for Respondent.

## MEMORANDUM OPINION AND ORDER AND CERTIFICATE OF APPEALABILITY

KANE, Senior District Judge.

Before me is the petitioner's Application for a Certificate of Probable Cause filed on April 26, 1996 and signed by his counsel that same day. I denied his Petition for Writ of Habeas Corpus in a Memorandum Decision and Order on March 28, 1996. The dates are important because on April 24, 1996 President Clinton signed into law the *Antiterrorism and Effective Death Penalty Act of 1996.* This Act contains, among other significant provisions, amendments to 28 U.S.C. §§ 2244, 2253, 2254, 2255; Rule 22 of the Federal Rules of Appellate Procedure; and 21 U.S.C. § 848(q).

The amended 28 U.S.C. § 2253 provides an appeal may not be taken to the court of appeals from a district judge's ruling on a state prisoner's habeas corpus petition unless a "circuit justice or judge" issues a "certificate of appealability." The only effective date provision specified in Title I of the habeas corpus amendments is located in the death penalty litigation procedures section and states that those provisions shall apply to cases pending on or after enactment. The case at bar involves convictions for first degree murder for which the Petitioner was sentenced to two consecutive life terms of imprisonment. The prosecution did not seek the death penalty and the petitioner is not "subject to a capital sentence." Accordingly, the death penalty litigation procedures do not apply.

Because the statute is silent regarding the date of its applicability to pending habeas corpus proceedings in which the death penalty is not involved, courts are left to speculate whether the expression of applicability to capital cases "pending on or after enactment" is meant to exclude applicability to non-capital habeas corpus proceedings "pending on or after enactment." I don't think it does, but the Act gives no guidance. Moreover, the legislative history is silent on this as well as other points considered in this opinion.

██ I don't think a retrospective application analysis is at all helpful since I am concerned with present, not past, application. My decision denying the Petition was given before the effective date of the Act, which has no substantive effect on it; the question is whether the new appeal requirements apply. I think they do because in the absence

of expressed contrary provisions, statutes become effective when they are signed into law. *See United States v. Ferryman,* 897 F.2d 584, 588–89 (1st Cir.) ("no parole" provisions of Comprehensive Crime Control Act of 1984 effective upon signing; absent legislative intent the contrary, general presumption is that statutes become effective at the moment they are signed into law), *cert. denied,* 498 U.S. 830, 111 S.Ct. 90, 112 L.Ed.2d 62 (1990).

Not only is there a lack of clear direction in the Act, the confusion is heightened by the mandates actually articulated. The newly enacted § 2253(c)(1) provides: "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court...." (The situation before me.)

■ Section 103 of the Act amends Rule 22 of the Federal Rules of Appellate Procedure to provide in part: "(b) CERTIFICATE OF APPEALABILITY.—In a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court, an appeal by the applicant for the writ may not proceed unless *a district or a circuit judge issues a certificate of appealability* pursuant to section 2253(c) of title 28, United States Code." (Emphasis added). (Again, the situation before me.)

Prudence suggests that questions of reasonableness in the present circumstances need not be addressed. I shall apply the Rule of Appellate Procedure because it authorizes me, a district judge, to issue a certificate of appealability. The statute, 28 U.S.C. § 2253 applies by its wording only to circuit justices and judges and authorizes them to issue certificates of appealability. The statute does not say, however, that *only* circuit justices or judges may issue such certificates. I conclude the statute as amended does not prohibit district judges from exercising the authority vested in us by the Rule of Appellate Procedure.

Perhaps, two certificates are contemplated. In view of the apparent contradiction, however, it is unlikely that contemplation played any role at all. In the final analysis, I think it inappropriate to take no action and thereby require Petitioner's counsel to jump through a superfluity of hoops merely to have my decision reviewed.[1]

■ It should be clear to anyone that Petitioner made a serious and substantial showing of the denial of his constitutional rights to the effective assistance of counsel. My opinion denying the petition exceeds thirty-nine pages which alone suggests the issues raised are debatable among jurists. I see no reason to reiterate that memorandum opinion in order to "indicate which specific issue or issues satisfy the showing required by paragraph (2)." 28 U.S.C. § 2253(c)(3). Accordingly,

I hereby certify the appealability of my denial of the Petition for a Writ of Habeas Corpus.

---

1. The current confusion would not arise if the words "unless a circuit justice or judge issues a certificate of appealability" in the amended 28 U.S.C. § 2253(c)(1) were to read "unless a district or a circuit judge issues a certificate of appealability" in conformity with the Appellate Rule 22(b) amendment.