**Kenneth Ray PARKER, Petitioner,**

v.

**Larry NORRIS, Director, Arkansas Department of Correction, Respondent.**

**Civil No. PB–C–96–143.**

United States District Court, E.D. Arkansas, Pine Bluff Division.

June 14, 1996.

---

Kenneth Ray Parker, pro se.

Todd Lister Newton, Assistant Attorney General, Little Rock, Arkansas, for defendant.

### MEMORANDUM OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY

EISELE, Senior District Judge.

On June 6, 1996, the Court entered an Order (Docket No. 11) and Judgment (Docket No 12), which adopted the Findings and Recommendation of United States Magistrate Judge H. David Young (Docket No. 9), and dismissed petitioner's petition for a writ of habeas corpus under 28 U.S.C § 2254. Now before the Court is petitioner's Motion for Issuance of Certificate of Appealability, filed pursuant to 28 U.S.C. § 2253(c)(1), as amended by § 102 of the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104–132, 104th Cong., 2d Sess. (signed into law on April 24, 1996) (the Act).[1] For the reasons that follow, the Court concludes that it lacks the authority to grant the certificate of appealability requested, and that petitioner must direct his request to the United States Court of Appeals for the Eighth Circuit.

Prior to the enactment of the Act, an unsuccessful petitioner for habeas relief under § 2254 was required to seek a certificate of probable cause before he could appeal that denial to the court of appeals. 28 U.S.C.A § 2253 (West 1994). While that certificate could, ultimately, be issued by a judge of the court of appeals or a Supreme Court Justice (in his or her capacity as a Circuit Justice), *id.; Rosoto v. Warden,* —— U.S. ——, 83 S.Ct. 1788, 11 L.Ed.2d 15 (1963) (Harlan, J., in chambers) (Circuit Justices); *In re Burwell,* 350 U.S. 521, 522, 76 S.Ct. 539, 540, 100 L.Ed. 666 (per curium) (circuit judges), those applications were, in the first instance, supposed to be directed to the district judge who denied the § 2254 petition. Fed.R.App.P. 22(b) (1995); *Clements v. Wainwright,* 648 F.2d 979, 980 (5th Cir. Unit B June 1981) (per curium); *see also* 2 *James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure* § 35.4c at 1082 (2d

---

1. None of the habeas reforms enacted by the Act, except § 107 (which relates to death-penalty habeas and is not presently at issue), specify their effective date. Thus, the Court concludes that the amended version of § 2253 applies to certificates filed on or after April 24, 1996. *Houchin v. Zavaras,* 924 F.Supp. 115, 116–17 (D.Colo.1996);

*see generally United States v. Robinson,* 865 F.2d 171, 172 (8th Cir.1989) ("In the absence an explicit contrary provision, the amendment [of a statute] t[akes] place on the date of enactment...."); *United States v. York,* 830 F.2d 885, 892 (8th Cir.1987) (same), *cert. denied,* 484 U.S. 1074, 108 S.Ct. 1047, 98 L.Ed.2d 1010 (1988).

**1192**

ed. 1994). However, the Act has recently amended the text of § 2253, which now provides, in relevant part:

> Unless a *circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—*
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]

28 U.S.C. § 2253(c)(1)(A) (emphasis added). By its express terms, the newly-enacted § 2253 has shifted the task of processing certificates of appealability from district judges to the judges of the Courts of Appeal (or, alternatively, the Justices of the Supreme Court, in their capacities as Circuit Justices). Thus, looking only to the plain language of § 2253(c)(1)(A), it seems clear that the Court lacks the ability to rule on petitioner's present motion.

██ This, conclusion, however, is complicated by the Act's amendments to Rule 22 of the Federal Rules of Appellate Procedure, which are found in § 103 of the Act.[2] Rule 22(b) now provides, in relevant part:

> In a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court, an appeal by the applicant for the writ may not proceed unless a *district or circuit judge* issues a certificate of appealability *pursuant to section 2253(c) of title 28, United States Code.* If an appeal is taken by the applicant, *the district judge who rendered the judgment* shall either issue a certificate of appealability or state the reasons why such a certificate of appealability should not issue. The certificate or the statement shall be forwarded to the court of appeals with the notice of appeal and the file in the district court. If the *district judge* has denied the certificate, the applicant for the writ may then request issuance of the certificate by a circuit judge . . . .

(Emphasis added). Obviously, the text of Rule 22(b) implies that the task of processing certificates of appealability should, in the first instance, fall upon the district courts, and thus suggests that, while the names may have changed, this particular procedural aspect of habeas litigation has been unchanged by the Act.[3]

Thus, on their faces, § 102 and § 103 appear to contemplate very different procedures governing the issuance of certificates of appealability. Moreover, the legislative history shines absolutely no light on this patently apparent conflict in the Act (it appears to have escaped Congress' watchful eyes), and the Court agrees that "it is unlikely contemplation played any role at all" in the drafting of these particular amendments. *Houchin v. Zavaras, supra,* 924 F.Supp. at 117. Thus, the burden now falls on the Court to try to make some sense of them.

Plainly, the Court cannot act on petitioner's motion under § 2253(c)(1)(A), since that statute only authorizes a circuit judge or a Circuit Justice to do so. So, the question becomes whether the Court can do so under Rule 22(b), as amended. That rule does appear to state that a district judge can (and, it seems, must) act upon a motion for a certificate of appealability, and the Court is aware that one court has expressly so held. *Houchin v. Zavaras, supra,* 924 F.Supp. at 117. However, with all due respect to Judge Kane, the Court does not believe that the language of Rule 22(b), when closely read, provides this authority (though the Court readily admits this conclusion is not free from doubt). Rule 22(b) does indeed require that an application for a certificate of appealability be made, in the first instance, to "the district judge who rendered the judgment" on his § 2254 petition. However, the rule further provides that "an appeal by the applicant for the writ may not proceed unless a district or circuit judge issues a certificate of

---

2. It seems clear Congress has the authority to prescribe amendments to the Federal Rules of Appellate Procedure. *See* 28 U.S.C. §§ 2071(a), 2072(a), 2074(a); *Sibbach v. Wilson & Co., Inc.,* 312 U.S. 1, 9–10, 61 S.Ct. 422, 424–25, 85 L.Ed. 479 (1941).

3. Indeed, when the text of the pre- and post-Act versions of Rule 22(b) are compared, it becomes evident that the only substantive change made by the Act's amendments was the substitution of the term "certificate of appealability" for the term "certificate of probable cause." In all other respects, the text of the pre- and post-Act versions of Rule 22(b) are identical.

appealability *pursuant to section 2253(c)"* (emphasis added), and, as discussed above, § 2253(c), by its express terms, has divested district judges (as opposed to circuit judges) of the authority to rule on such applications. Since Rule 22(b) requires that applications for certificates of appealability be processed in accordance with § 2253(c), and as a district judge has no authority to rule on such applications under § 2253(c), the Court concludes that Rule 22(b) does not provide it with the authority to rule on petitioner's motion for a certificate of appealability, and as such his motion must be denied. Although the issue is not free from doubt, the Court believes that this result best effectuates Congress' intent in enacting the Act's habeas reforms, in that is seems relatively clear that Congress simply failed to fully complete its efforts to amend Rule 22(b) so as to conform that rule to the amendments made to § 2253(c).

IT IS THEREFORE ORDERED that petitioner's Motion for Issuance of Certificate of Appealability be, and it is hereby, DENIED.