UNITED STATES of America, Plaintiff,

v.

Abel COTA–LOAIZA, Defendant.

No. 96–WY–828–AJ.

United States District Court,
D. Colorado.

Aug. 8, 1996.

---

Henry L. Solano, United States Attorney, and Charlotte J. Mapes, Assistant United States Attorney, Denver, Colorado, for the U.S.

Abel Cota–Loaiza, pro se.

## MEMORANDUM AND ORDER DENYING CERTIFICATE OF APPEALABILITY AS MOOT

ALAN B. JOHNSON, Chief Judge.*

Defendant Abel Cota–Loaiza filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 on April 8, 1996. This court denied Mr. Cota–Loaiza's motion on July 16, 1996. *United States v. Cota–Loaiza,* 936 F.Supp. 751 (D.Colo.1996). Mr. Cota–Loaiza filed a notice of appeal on July 26, 1996. The court will construe Mr. Cota–Loaiza's notice of appeal as a request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(B) and Fed.R.App.P. 22(b), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, Title I, §§ 102 and 103, 110 Stat. 1214, 1217–18 (1996). *Hernandez v. Starbuck,* 69 F.3d 1089, 1090 n. 1 (10th Cir.1995) (notice of appeal may be construed as request for certificate of probable cause), *cert. denied,* —— U.S. ——, 116 S.Ct. 1855, 134 L.Ed.2d 954 (1996); Fed.R.App.P. 22(b) (same). Having considered all the relevant facts and law and the entire file in this case, the court **DENIES** Mr. Cota–Loaiza's request as moot.

### I

Before April 24, 1996, the date Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (1996), it was not necessary for a § 2255 movant to obtain a certificate of appealability in order to appeal the denial of his motion. However, § 102 of the Act added 28 U.S.C. § 2253(c)(1), which provides:

---

* The Honorable Alan B. Johnson, Chief Judge of the United States District Court for the District of Wyoming, sitting by designation.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

110 Stat. 1217. In addition, § 103 of the Act, 110 Stat. 1218, amended Fed.R.App.P. 22, which now provides:

Rule 22. Habeas corpus and section 2255 proceedings

(a) APPLICATION FOR THE ORIGINAL WRIT.—An application for a writ of habeas corpus shall be made to the appropriate district court. If application is made to a circuit judge, the application shall be transferred to the appropriate district court. If an application is made to or transferred to the district court and denied, renewal of the application before a circuit judge shall not be permitted. The applicant may, pursuant to section 2253 of title 28, United States Code, appeal to the appropriate court of appeals from the order of the district court denying the writ.

(b) CERTIFICATE OF APPEALABILITY.—In a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court, an appeal by the applicant for the writ may not proceed unless a district or a circuit judge issues a certificate of appealability pursuant to section 2253(c) of title 28, United States Code. If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue. The certificate or the statement shall be forwarded to the court of appeals with the notice of appeal and the file of the proceedings in the district court. If the district judge has denied the certificate, the applicant for the writ may then request

issuance of the certificate by a circuit judge. If such a request is addressed to the court of appeals, it shall be deemed addressed to the judges thereof and shall be considered by a circuit judge or judges as the court deems appropriate. If no express request for a certificate is filed, the notice of appeal shall be deemed to constitute a request addressed to the judges of the court of appeals. If an appeal is taken by a State or its representative, a certificate of appealability is not required.

In light of these amendments, Mr. Cota–Loaiza's request for a certificate of appealability presents three novel questions.

■ First, the court must determine whether the amendments apply to cases like Mr. Cota–Loaiza's, in which the § 2255 motion was filed *before* the effective date of the Act, but the notice of appeal and request for a certificate of appealability were filed *after* the effective date. In *Lennox v. Evans*, 87 F.3d 431, 433–34 (10th Cir.1996), the Tenth Circuit held the certificate of appealability requirement in 28 U.S.C. § 2253(c)(1)(A), governing proceedings under 28 U.S.C. § 2254 by state prisoners, applies to all pending cases in which no certificate of probable cause was issued prior to April 24, 1996, and that the law governing certificates of appealability is identical to the pre-Act law governing certificates of probable cause. However, the Tenth Circuit declined to "express [an] opinion regarding the retroactivity concerns, if any, raised by the Act's requirement that an appeal may not be taken from the final order in a proceeding under 28 U.S.C. § 2255 unless a circuit judge issues a certificate of probable cause." *Id.* at 434 n. 2.[2]

The Tenth Circuit has, however, provided some guidance regarding the application of §§ 102 and 103 of the Act in proceedings under 28 U.S.C. § 2255. In *Lennox,* the Tenth Circuit explained that a statute does not operate retroactively if the application of it "would not 'impair rights [Petitioner] possessed when he acted, increase [Petitioner's]

---

**2.** In *Lennox,* the Tenth Circuit had no occasion to consider the amendment's impact on proceedings under 28 U.S.C. § 2241, because the certificate of appealability requirement in §§ 102 and 103 of the Act applies only in proceedings under 28 U.S.C. §§ 2254 and 2255. *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir.1996).

liability for past conduct, or impose new duties with respect to transactions already completed.'" *Id.* (quoting *Landgraf v. U.S.I. Film Prods.,* 511 U.S. 244, ——, 114 S.Ct. 1483, 1505, 128 L.Ed.2d 229 (1994)). Applying these criteria, the court concludes for the following two reasons that the application of 28 U.S.C. § 2253(c)(1)(B) in this case would not "operate retroactively." First, even if the court applies 28 U.S.C. § 2253(c)(1)(B) in Mr. Cota–Loaiza's case, he will nevertheless receive a certificate of appealability allowing him to raise any issues for which there has been a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The only right affected would be Mr. Cota–Loaiza's ability to appeal the denial of his § 2255 motion on grounds that would not justify the issuance of a certificate of appealability, namely, grounds for which there has not been a "substantial showing of the denial of a constitutional right," or, in other words, grounds that have no merit. Accordingly, the rights Mr. Cota–Loaiza would lose if 28 U.S.C. § 2253(c)(1)(B) were applied are of little or no value. Second, before Mr. Cota–Loaiza filed his notice of appeal, any right he may have had to appeal the denial of his § 2255 motion was at best inchoate and contingent. Furthermore, because Mr. Cota–Loaiza did not initiate his appeal until after the effective date of the Act, any vested, concrete appellate rights he acquired by initiating his appeal should be governed by the law as it existed on July 26, 1996, the date he filed his notice of appeal, including the certificate of appealability requirement in 28 U.S.C. § 2253(c)(1)(B). The court will therefore apply §§ 102 and 103 of the Act to this case.

■ This conclusion brings the court to the second novel question presented by Mr. Cota–Loaiza's request for a certificate of appealability: what must a § 2255 movant show in order to obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1)(B). Under 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." In *Lennox,* 87 F.3d at 433–34, the Tenth Circuit held the standard for issuance of a certificate of appealability in a proceed-

ing by a state prisoner under 28 U.S.C. 2254 is identical to the pre-Act standard for issuance of a certificate of probable cause, as defined in *Barefoot v. Estelle,* 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). In *Barefoot,* the Supreme Court held that in order to obtain a certificate of probable cause under former 28 U.S.C. § 2253, the petitioner must make a "substantial showing of the denial of [a] federal right" by demonstrating the merits of the federal claims alleged in the petition and rejected by the district court "are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot,* 463 U.S. at 893 n. 4, 103 S.Ct. at 3395 n. 4 (citations and internal quotation marks omitted; bracketed text in the original). At least one district court has held, and this court agrees, that the standard is the same in a proceeding by a federal prisoner under 28 U.S.C. § 2255. *See United States v. Campos,* 932 F.Supp. 1034, 1038 (W.D.Tenn.1996) (applying *Barefoot* standard in § 2255 proceeding to determine whether to grant a certificate of appealability).

■ Finally, the resolution of Mr. Cota–Loaiza's request on the district court level depends on whether district courts have the authority to issue certificates of appealability in proceedings under 28 U.S.C. § 2255. Neither Congress nor the Tenth Circuit has offered guidance on this point. Nevertheless, it is quite clear that district courts lack the authority under 28 U.S.C. § 2253(c)(1), added by § 102 of the Act, to grant or deny certificates of appealability, because, by its terms, the statute reserves that power to "a circuit justice or judge," both in proceedings under § 2254 and in proceedings under § 2255.

This conclusion is only the beginning of the court's inquiry. The use of the phrase "a circuit justice or judge" in § 102 of the Act clearly supports the conclusion that district courts lack the authority to grant certificates of appealability. However, the very next section of the very same Act, § 103, which amends Fed.R.App.P. 22(b), clearly contemplates that the district courts may issue cer-

**760**

tificates of appealability, at least in some cases. Fed.R.App.P. 22(b), as amended by the Act, provides in pertinent part:

> In a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court, an appeal by the applicant for the writ may not proceed unless a *district* or a circuit judge issues a certificate of appealability pursuant to section 2253(c) of title 28, United States Code. If an appeal is taken by the applicant, the *district judge* who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue. The certificate or the statement shall be forwarded to the court of appeals with the notice of appeal and the file of the proceedings in the district court. If the district judge has denied the certificate, the applicant for the writ may then request issuance of the certificate by a circuit judge.

110 Stat. 1218 (emphasis added). At least one member of this court, Senior United States District Judge Kane, has recognized the Act's striking internal inconsistency. In deciding whether to grant or deny a certificate of appealability in a proceeding by a state prisoner under 28 U.S.C. § 2254, Judge Kane observed:

> Not only is there a lack of clear direction in the Act, the confusion is heightened by the mandates actually articulated. The newly enacted § 2253(c)(1) provides: "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from— (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court...." (The situation before me.)

Section 103 of the Act amends Rule 22 of the Federal Rules of Appellate Procedure to provide in part: "(b) CERTIFICATE OF APPEALABILITY.—In a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court, an appeal by the applicant for the writ may not proceed unless *a district or a circuit judge issues a certificate of appealability* pursuant to section 2253(c) of title 28, United States Code." (Emphasis added). (Again, the situation before me.)

*Houchin v. Zavaras,* 924 F.Supp. 115, 117 (D.Colo.1996). In *Houchin,* Judge Kane relied on the language of Fed.R.App.P. 22(b), as amended, in concluding district courts have the authority to grant or deny certificates of appealability in proceedings under 28 U.S.C. § 2254. *Id.*

However, in *Parker v. Norris,* 929 F.Supp. 1190, 1192–93 (E.D.Ark.1996), also a proceeding by a state prisoner under 28 U.S.C. § 2254, the court expressly declined to follow Judge Kane's decision in *Houchin,* because it "[did] not believe that the language of Rule 22(b), when closely read, provides [the] authority [to grant or deny a certificate of appealability] (though the Court readily admits this conclusion is not free from doubt)." *Id.* at 1192–93.

■ The court agrees with Judge Kane's conclusion in *Houchin* that §§ 102 and 103 of the Act stand in direct conflict, in that 28 U.S.C. § 2253(c)(1)(A), added by § 102, would seem to preclude the district courts from granting or denying certificates of appealability in proceedings by state prisoners under 28 U.S.C. § 2254, but that Fed.R.App.P. 22(b), amended by § 103, contemplates that the district court has such authority. The court also agrees with Judge Kane's conclusion that until and unless Congress or the Tenth Circuit settle the matter, the court should assume it has the authority to grant or deny certificates of appealability in proceedings by state prisoners under 28 U.S.C. § 2254.

However, Mr. Cota–Loaiza is a federal prisoner proceeding under 28 U.S.C. § 2255. Therefore, *Houchin* is not directly applicable. The court's reading of Fed.R.App.P. 22(b) leads it to conclude that rule applies only to proceedings by state prisoners under 28 U.S.C. § 2254, and that it does not give the district courts authority to grant or deny certificates of appealability in proceedings under 28 U.S.C. § 2255. Only the title of the rule speaks of proceedings under § 2255; there is no mention of such proceedings in the text. To the contrary, Fed.R.App.P. 22(b) begins by stating the remainder of the

rule applies "[i]n a habeas corpus proceeding in which the detention complained of arises out of process *issued by a State court* . . . ." (Emphasis added.) Given the dearth of textual support for the exercise of such authority, the court concludes it lacks the power to grant or deny a certificate of appealability in a proceeding by a federal prisoner under 28 U.S.C. § 2255.

The court is aware of only one case addressing whether the district court has the authority to grant or deny a certificate of appealability in a proceeding under 28 U.S.C. § 2255. In *Campos,* 932 F.Supp. at 1038, the court observed:

> It is not entirely clear from the legislation whether Congress intends only the federal appellate courts to address the appealability of a section 2255 motion. The amendment to section 2253 refers to "a circuit justice or judge" while the accompanying amendment to Rule 22 of the Federal Rules of Appellate Procedure refers to action by the district court.

The court did not discuss its authority further, but instead steered a middle course, holding "to the extent that a district court has the authority to rule on the issuance of a certificate of appealability under amended 28 U.S.C. § 2253, that certificate is DENIED." *Id.* In light of the internal inconsistency of the Act, the lack of a clarifying amendment by Congress, the disagreement among the district courts regarding the Act's meaning, and the absence of authority from the circuit courts, the court believes that the middle course was a reasonable approach. However, for the reasons stated above, the court declines to take such a course, and will instead deny Mr. Cota–Loaiza's request for a certificate of appealability as moot, on the ground this court lacks authority to grant his request. Should Mr. Cota–Loaiza wish to proceed further with his appeal, he should file a request for a certificate of appealability with the Tenth Circuit.

**IT IS SO ORDERED.**