**UNITED STATES of America, Plaintiff,**

v.

**Clyde JOHNSON, Defendant.**

Cv. No. 96–2694–D/A.
Cr. No. 94–20257–D.

United States District Court,
W.D. Tennessee,
Western Division.

Sept. 16, 1996.

Clyde Johnson, pro se.

## ORDER DENYING MOTION UNDER 28 U.S.C. § 2255

DONALD, District Judge.

Defendant Clyde Johnson, an inmate at the Federal Correctional Institution at Memphis (FCI), has filed a *pro se* motion under 28 U.S.C. § 2255 seeking to overturn the sentence imposed on him for violating 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 924(c).

On November 21, 1994, a grand jury returned an indictment charging defendant with one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and one count of carrying and using a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). On January 2, 1996, defendant pled guilty to both counts. On April 17, 1996, the court conducted a sentencing hearing, and imposed a sentence of twenty-seven months for count one and the mandatory five year consecutive sentence for count two, plus a three-year period of supervised release. The judgment and commitment order was entered on April 17, 1996. Johnson did not appeal.

■ Defendant now claims that his section 924(c) conviction should be set aside under *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *Bailey* held that to sustain a conviction under the "use" prong of section 924(c)(1), the United States must show that the defendant actively employed the firearm during and in relation to the predicate crime. This argument is without merit, however, because *Bailey* is not applicable to defendant's case.

Defendant argues that under *Bailey* he could not have been convicted of using the firearm. This contention is irrelevant. Johnson was indicted under both prongs of section 924(c)(1). Section 924(c)(1) prohibits "carrying" a firearm during the commission of a drug trafficking offense, as well as active use.[1] *Bailey* addressed only the issue of what constitutes "use" of a firearm in relation to a drug-trafficking offense. The court specifically held that the "carry" prong has a different content: "The 'carry' prong of § 924(c)(1), for example, brings some offenders who would not satisfy the 'use' prong within the reach of the statute." 116 S.Ct. at 509. The court not only did not purport to construe the "carrying" prong, but explicitly

directed a remand for consideration of whether the defendant's conviction should be upheld under that prong: "Because the Court of Appeals did not consider liability under the 'carry' prong of § 924(c)(1) for *Bailey* or Robinson, we remand for consideration of that basis for upholding the convictions." *Id.* Johnson was specifically indicted for "carrying" a firearm. He does not argue that he was not guilty of that separate offense. The interpretation of the "use" prong of section 924(c)(1) is irrelevant to his conviction, which is valid.

■ Furthermore, even if defendant did challenge his conviction under the carrying prong of section 924(c), his *Bailey* argument would fail.

Defendant was arrested during an undercover investigation into drug trafficking. On November 11, 1994, the defendant sold 48.33 grams of powder cocaine to undercover officers of the Shelby County Sheriff's Department Narcotics Unit. After the transaction was completed, the officers searched the defendant and removed a loaded .38 caliber derringer from his right front pants pocket.

■ The Sixth Circuit has interpreted *Bailey* requiring a revised understanding of the meaning of "carrying a firearm during and in relation to" a drug trafficking offense. The mere simultaneous possession of a firearm and illegal controlled substance, standing alone, will not constitute "carrying" nor establish the necessary relationship between that carrying and the drug trafficking offense. *United States v. Riascos–Suarez*, 73 F.3d 616, 623 (6th Cir.1996).

According to the Sixth Circuit, the carrying prong requires proof that the defendant "physically brought [the firearm] with him in the course of his drug trade,"[2] and that the firearm was "immediately available for use—

---

**1.** Section 924(c)(1) states, in pertinent part:

Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United

States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years. . . .

**2.** *United States v. Moore*, 76 F.3d 111, 113 (6th Cir.1996).

on the defendant or within his or her reach."[3]

Both of these requirements are clearly met in this case. The defendant admitted to committing the charged offense. Moreover, the above proof indicates that the government had the capability to prove, had the case gone to trial, that at the actual time of the drug transaction Johnson carried a firearm, which was immediately available and ready for his use. There was thus sufficient evidence to establish the carrying factor of a section 924(c) offense so as to support defendant's decision to plead guilty.

■ The evidence also satisfies the relationship requirement of the statute. *Riascos–Suarez*'s understanding of the requirement of a relationship between the firearm and the crime tracks prior law. Citing the pre-*Bailey* decisions in *Smith v. United States*, 508 U.S. 223, 236–39, 113 S.Ct. 2050, 2058–59, 124 L.Ed.2d 138 (1993), and *United States v. Brown*, 915 F.2d 219, 226 (6th Cir. 1990), the Sixth Circuit determined that "the Government must prove that the firearm furthered the purpose or effect of the crime and that its presence or involvement was not the result of coincidence." 73 F.3d at 623.

■ In analyzing whether a purpose of the crime was furthered, *Riascos–Suarez* cited approvingly to the holding of *United States v. Edwards*, 994 F.2d 417 (8th Cir.1993), *cert. denied*, 510 U.S. 1048, 114 S.Ct. 701, 126 L.Ed.2d 667 (1994), that despite a lack of evidence that the defendant actively sold drugs from his home or stored them there, the presence of large amounts of cash provided a relationship because "the protection of drug proceeds furthers a drug trafficking crime." 73 F.3d at 624. As the Sixth Circuit had previously held, the government must merely prove that

> "the possessor of the weapon intended to have it available for possible use during or immediately following the transaction, or [that] it facilitated the transaction by lending courage to the possessor. The defendant's sole purpose in carrying the weapon need not have been facilitation of the drug trafficking crime."

*United States v. Blankenship*, 954 F.2d 1224, 1229 (6th Cir.1992) (quoting *Brown*, 915 F.2d at 226).

Johnson needed a firearm during the above drug sale to protect himself, his cocaine, and the profits derived from the sale. Furthermore, a derringer clearly has only one purpose—shooting people. There is more than sufficient evidence that Johnson carried the weapon to embolden himself and protect both the cocaine and the profits from the sale so as to support his decision to enter a guilty plea.

Since *Bailey* was decided, two decisions of the Sixth Circuit Court of Appeals have vacated section 924(c) convictions and remanded for clarification of whether the defendant violated the use or carrying prongs of the statute. *See United States v. Bingham*, 81 F.3d 617 (6th Cir.1996); *United States v. Moore*, 76 F.3d 111, 113 (6th Cir.1996). Even under the strictest interpretation of section 924(c) in light of those rulings, Johnson's conviction is valid.

■ Moreover, the specific issue in this case is whether the plea was entered knowingly and voluntarily. *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) (test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."). One factor that enters into whether a guilty plea is knowing and voluntary is whether counsel adequately explained the nature of the charged offense and properly advised a defendant about the risk associated with insisting on a trial. *Bailey* was entered before Johnson pled guilty, but even if counsel did not advise him of the effect of *Bailey*, defendant has not raised an issue of ineffective assistance, nor would there be a basis for his doing so.

It is inconceivable that a defendant in Johnson's position would have insisted on his innocence under section 924(c). Johnson entered a knowing and voluntary plea. That he now regrets that decision is not grounds for relief under 28 U.S.C. § 2255. *See, e.g.,*

---

**3.** *Moore*, 76 F.3d at 113; *United States v. Rias-* cos–Suarez, 73 F.3d 616, 623 (6th Cir.1996).

*United States v. Kranzthor,* 614 F.2d 981, 983 (5th Cir.1980).

A motion under section 2255 must consist of something more than legal conclusions unsupported by factual allegations. *Short v. United States,* 504 F.2d 63 (6th Cir.1974); *Ramsey v. United States,* 223 F.Supp. 605 (E.D.Tenn.1963). Furthermore, in order to obtain relief under § 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson,* 507 U.S. 619, 637–39, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353 (1993); *United States v. Ross,* 40 F.3d 144, 146 (7th Cir.1994). A motion under section 2255 must establish "a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process." *See United States v. Ferguson,* 918 F.2d 627, 630 (6th Cir.1990) (per curiam). Johnson's motion does not approach or cross this threshhold.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. *See also* Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Therefore the Court finds that a response is not required from the United States Attorney, and that the motion may be resolved without an evidentiary hearing. *United States v. Johnson,* 327 U.S. 106, 111, 66 S.Ct. 464, 466, 90 L.Ed. 562 (1946); *Baker v. United States,* 781 F.2d 85, 92 (6th Cir.), *cert. denied,* 479 U.S. 1017, 107 S.Ct. 667, 93 L.Ed.2d 719 (1986). The conviction is valid, and this motion is **DENIED.**

Recent amendments to section 2255 have changed the procedure for evaluating the appealability of a district court's decision de-

nying a section 2255 motion.[4] Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No section 2255 movant may appeal without this certificate.

It is not entirely clear from the legislation whether Congress intends only the federal appellate courts to address the appealability of a section 2255 motion. Section 2253 now states, in pertinent part:

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a proceeding under section 2255.

It is conceivable from this provision that the word "circuit" modifies merely the word justice, leaving the rest of the federal judiciary free to issue a certificate of appealability.[5] Courts in this district have previously declined to decide this issue, and have held that in light of statutory ambiguity and lack of appellate guidance, to the extent that the court had any authority to issue a certificate, it would be denied. *See, e.g., United States v. Campos,* 932 F.Supp. 1034, 1038 (W.D.Tenn.1996). Since *Campos* was decided, however, another district court has concluded that the statute is clear as to section 2255 motions and is ambiguous, if at all, only with regards to state habeas petitions. *United States v. Cota–Loaiza,* 936 F.Supp. 756, 759–61 (D.Colo.1996). That court denied the motion for the certificate as moot. *Cota–Loaiza*'s reasoning is persuasive, except for the mootness determination. If a district court lacks jurisdiction to issue a certificate, the petitioner's motion would not seem to be moot, but merely misfiled.

This court agrees with the *Cota–Loaiza* court that the statute is clear. It would require a strained interpretation to avoid

---

**4.** On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104–132 was signed into law. Title I of this Act substantially revised the habeas statutes, including 28 U.S.C. §§ 2244, 2253, and 2255. Among other provisions, this Act amends 28 U.S.C. §§ 2244(b) and 2255 to require the district court to dismiss any subsequent section 2255 motion case absent permission from the court of appeals.

**5.** With regards to state prisoner habeas petitions filed in federal court, the statute amended Rule 22 of the Federal Rules of Appellate Procedure to permit the issuance of a certificate of appealability by the "district judge."

application of the word "circuit" to both justice and judge in section 2253. District courts accordingly lack the authority to issue certificates of appealability in section 2255 cases. To the extent that the present motion under section 2255 or any subsequent appeal should be construed as containing a request for a certificate of appealability, the court therefore denies that certificate. The defendant must apply for a certificate in the United States Court of Appeals for the Sixth Circuit.

In this case, the movant's claim is clearly devoid of merit. He cannot establish the existence of a question of some substance, or of the substantial denial of a federal right. As no reasonable jurist could disagree with these conclusions, it is **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal *in forma pauperis.*