**UNITED STATES of America**

v.

**Michael C. COYLE.**

CR. No. 93–329.
Civil No. 95–6613.

United States District Court,
E.D. Pennsylvania.

Nov. 8, 1996.

---

**419**

Koji F. Fukumura, Bochetto and Lentz, P.C., Philadelphia, PA, for Michael C. Coyle.

Michael C. Coyle, Lewisburg, PA, pro se.

Tammy Avery, U.S. Attorney's Office, Philadelphia, PA, for U.S.

### MEMORANDUM

ROBERT F. KELLY, District Judge.

Petitioner, Michael Coyle, filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 on October 17, 1995, alleging that he received ineffective assistance of counsel because of his trial attorney's failure to call critical defense witnesses to the stand to support the Petitioner's defense.[1] This Court denied Mr. Coyle's motion on September 27, 1996, finding that, under the reasonableness standard of *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984), Petitioner was represented by competent counsel. Presently before this Court is Petitioner's Motion for a Certificate of Appealability, or, in the alternative, for a Waiver of the Necessity to Proceed with a Certificate of Appealability due to Expost–Facto Concerns. For the following reasons, Petitioner's motions will be denied as moot.

### DISCUSSION

On April 24, 1996, the President signed into law significant Habeas Corpus Amendments. These amendments were enacted as Title I of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (1996) ("AEDPA"). Section 102 of the Habeas Corpus Amendments, 28 U.S.C. § 2253(c)(1)(B) (1996), states that "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—the final order in a proceeding under section 2255."

■ Petitioner first contends that the Habeas Corpus Amendments do not apply to this case and a waiver of the need for a Certificate of Appealability should be issued by this Court because the petition for habeas corpus was filed by the Petitioner well before the AEDPA was signed into law and, thus, it should not be retroactively applied. Thus, a threshold issue arises as to whether the amendments apply to cases like Mr. Coyle's, in which the § 2255 motion was filed before the effective date of the AEDPA, but the request for a certificate of appealability was filed after the effective date.

The amendment relevant to this case appears in § 102 of the AEDPA, which contains neither an effective date provision nor clear language specifying that it applies retroactively. Under such circumstances, *"Landgraf [v. USI Film Prods.*, 511 U.S. 244, ——, 114 S.Ct. 1483, 1505, 128 L.Ed.2d 229 (1994) ], mandates that if Congress does not prescribe the scope of a statute, ... intervening civil legislation [is applied] to pending cases unless it would operate retroactively." *Lennox v. Evans*, 87 F.3d 431, 432 (10th Cir.1996). Consequently, the new amendment must be applied to Mr. Coyle's Petition unless to do so would have retroactive effect.

■ "[A] statute has 'retroactive effect' when applied to a case filed prior to passage of the new legislation if 'it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.' " *Lennox*, 87 F.3d at 432 (quoting *Landgraf*, 511 U.S. at ——, 114 S.Ct. at 1505). Thus, "the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." *Landgraf*, 511 U.S. at ——, 114 S.Ct. at 1499.

---

1. Petitioner was convicted of three counts of mail fraud, five counts of making false statements on documents required by ERISA and two counts of blackmail. On August 23, 1995, the Third Circuit Court of Appeals affirmed the judgment of conviction and sentence imposed by this Court. *See United States v. Coyle*, 63 F.3d 1239 (3d Cir.1995).

An application of 28 U.S.C. § 2253(c)(1)(B) in this case would not operate retroactively. Applying the AEDPA would not impair any rights that Mr. Coyle possessed when he requested a certificate of appealability, would not increase his liability for past conduct, nor impose new duties with respect to transactions already completed. Furthermore, Mr. Coyle originally filed this petition for certification of appealability on October 31, 1996, after the enactment of the Habeas Corpus Amendments. Because Mr. Coyle did not initiate his petition for certification of appealability until October 31, 1996, after the AEDPA was signed into law, his appeal should be governed by the law as it existed on October 31, 1996, the date he filed the instant motion. This Court will therefore apply § 102 of the AEDPA to the case at hand. *See United States v. Cota–Loaiza,* 936 F.Supp. 756, 759 (D.Colo.1996); *see also Houchin v. Zavaras,* 924 F.Supp. 115, 116–17 (D.Colo.1996) ("[I]n the absence of expressed contrary provisions, statutes become effective when they are signed into law.").

■ Petitioner also points out that the instant action is a non-capital case and submits that Congress did not address whether such cases were also affected by the AEDPA. However, nothing in the language of Section 102 of the AEDPA exempts non-capital cases from application of the 28 U.S.C. § 2253(c)(1)(B) amendment. Had Congress intended to implement such a restriction, the amendment at issue would have been included under Section 107 of the AEDPA, entitled "Death Penalty litigation procedures." Thus, this Court concludes that the "Appeal" provision of the Habeas Corpus Amendments, Section 102, does apply to non-capital habeas corpus proceedings.

■ Next, Mr. Coyle contends that "if the Court deems that the AEDPA does apply to the Petitioner's case then … a certificate of appealability should issue … since he has demonstrated a substantial showing of the denial of his constitutional right to effective assistance of counsel…." (Petitioner's Motion at 5). However,

> the resolution of [Mr. Coyle's] request on the district court level depends on whether district courts have the authority to issue certificates of appealability in proceedings under 28 U.S.C. § 2255…. [In this regard], it is quite clear that district courts lack the authority under § 2253(c)(1), added by § 102 of the Act, to grant or deny certificates of appealability, because, by its terms, the statute reserves that power to "a circuit justice or judge," both in proceedings under § 2254 and in proceedings under § 2255.

*Cota–Loaiza,* 936 F.Supp. at 759. Thus, "[t]he use of the phrase 'a circuit justice or judge' in § 102 of the Act clearly supports the conclusion that district courts lack the authority to grant certificates of appealability." *Id.*

*Cota–Loaiza* has dealt with this precise issue. In *Cota–Loaiza,* Chief Judge Johnson denied, as moot, a federal prisoner's request for a certificate of appealability in a proceeding under 28 U.S.C. § 2255. In doing so, the court recognized that while district courts should assume the authority to grant or deny certificates of appealability in proceedings by state prisoners, the Act does not authorize district courts to grant or deny certificates of appealability in parallel proceedings by federal prisoners.[2]

Based on the above, this Court will deny Mr. Coyle's request for a certificate of appealability as moot on the ground that this Court lacks authority to grant his request.[3]

**2.** Section 103 of the AEDPA amends Rule 22 of the Federal Rules of Appellate Procedure to provide in pertinent part: "(b) CERTIFICATE OF APPEALABILITY.—In a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court, an appeal by the applicant for the writ may not proceed unless *a district or a circuit judge issues a certificate of appealability* pursuant to section 2253(c) of title 28, United States Code." (emphasis added). Thus, although FED.R.APP.P. 22(b) contemplates that the district courts may

issue certificates of appealability in habeas corpus proceedings arising out of a State court process, FED.R.APP.P. 22(b) does not give the district courts authority to grant or deny requests from federal prisoners for certificates of appealability in proceedings under 28 U.S.C. § 2255. *See Cota–Loaiza,* 936 F.Supp. at 760.

**3.** Petitioner has, in the alternative, requested that this Court waive the need to proceed on appeal with a certificate of appealability. However, because the AEDPA still requires such certification

Should Mr. Coyle wish to proceed further with his appeal, he should file a request for a certificate of appealability with the Third Circuit.

by "a circuit justice or judge," Mr. Coyle's alter-

native request will, likewise, be denied as moot.