**Eugenio MERCURI, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Nos. 5:91CR00062 (RNC),
3:95CV1294 (RNC).

United States District Court,
D. Connecticut.

Dec. 17, 1996.

Joseph W. Martini, Asst. U.S. Atty., Bridgeport, CT, for U.S.

Eugenio Mercuri, Pro Se Prisoner, Morgantown, WV.

## RULING ON MOTION FOR CERTIFICATE OF APPEALABILITY

CHATIGNY, District Judge.

Petitioner Eugenio Mercuri seeks relief from his sentence under 28 U.S.C. § 2255 on the ground that, as a result of errors by his trial counsel, he did not receive a downward adjustment in his offense level under the sentencing guidelines for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. In May 1996, Mercuri's petition was denied by Judge Daly, the sentencing judge, without an evidentiary hearing. *See Endorsement Order* [doc. # 64].[1] The matter is now before me on Mercuri's motion for a certificate of appealability under 28 U.S.C. § 2253, as recently amended by section 102 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104–132, 110 Stat. 1214 ("the AEDPA").[2]

It is not clear that the AEDPA's requirement of a certificate of appealability applies to this case, which was filed pursuant to section 2255 before the enactment of the AEDPA.[3] There is also some uncertainty about whether a certificate of appealability can be issued by a district judge under section 2253 as amended by section 102 of the AEDPA.[4] However, Mercuri's sixth amend-

---

1. After Judge Daly denied the petition, Mercuri filed a notice of appeal. The appeal was dismissed without prejudice because the file did not contain a certificate of appealability or a ruling denying an application for a certificate. Mercuri was directed to "promptly move for a certificate of appealability in the district court."

2. The amended version of § 2253(c)(1) provides:

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court; or (B) the final order in a proceeding under section 2255."

3. The Court of Appeals' order requiring Mercuri to apply for a certificate of appealability reflects a mistaken belief that he seeks relief under section 2254. The Second Circuit has held that a certificate of appealability is necessary in section 2254 cases filed before the effective date of the AEDPA, *Reyes v. Keane*, 90 F.3d 676, 679–80 (2d Cir.1996), but it has not decided whether a certificate is necessary in section 2255 cases filed

before the AEDPA's effective date. Requiring Mercuri to obtain a certificate of appealability arguably poses an issue of retroactivity under *Landgraf v. U.S.I. Film Prods.*, 511 U.S. 244, 280–81, 114 S.Ct. 1483, 1505, 128 L.Ed.2d 229 (1994), but I believe that the AEDPA's requirement of a certificate of appealability can be applied in this case, essentially for the reasons stated in *United States v. Cota–Loaiza*, 936 F.Supp. 756, 758–59 (D.Colo.1996) (certificate of appealability necessary in section 2255 case if notice of appeal filed after AEDPA's effective date). *See also Herrera v. United States*, 96 F.3d 1010, 1011–12 (7th Cir.1996) (certificate of appealability not necessary in section 2255 case if notice of appeal filed before the AEDPA's enactment).

4. The amendment of section 2253 by section 102 of the AEDPA creates an ambiguity regarding the authority of district judges to issue certificates of appealability. The word "circuit" in the amended version of the statute may modify both "justice" and "judge" (as it presumably did prior to the amendment, when the statute also referred to "the justice or judge who rendered the order"),

ment claim is plainly without merit under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because he cannot show that his sentence would have been more lenient but for his counsel's alleged errors. Accordingly, assuming Mercuri needs a certificate of appealability, and assuming his motion for a certificate is properly before me, the motion is denied because he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

*Background*

In 1991, Mercuri was charged in a one count indictment with possession with intent to distribute and distribution of more than 500 grams of cocaine in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(B). He pleaded not guilty and went to trial. At the trial, the government called a cooperating witness named Lundy who testified that he negotiated with Mercuri for the purchase of three kilograms of cocaine. Lundy's testimony was corroborated by tape recordings of conversations in which he and Mercuri discussed a transaction involving three kilograms. After the tapes were played for the jury, Mercuri decided to change his plea to guilty.

The presentence investigation report prepared by the probation office reported that Mercuri initially promised to provide Lundy with three kilograms but ended up delivering somewhat less than two kilograms. The probation office recommended that Mercuri's base offense level should be calculated based on his agreement to deliver two or more kilograms, which would result in a base offense level of 28. The probation office did not recommend a downward adjustment for acceptance of responsibility.

Mercuri's counsel filed written objections to the presentence report. She argued that the recommended offense level of 28 should be reduced to 26 on the ground that Mercuri was not reasonably capable of delivering more cocaine than the slightly less than two kilograms he actually delivered, an amount that would place him at offense level 26. *See United States v. Jacobo,* 934 F.2d 411, 416 (2d Cir.1991) (pursuant to U.S.S.G. § 2D1.4 Application Note 1, offense level in drug case must be calculated based on negotiated quantity unless court finds defendant lacked intent or ability to deliver negotiated amount). She also argued that Mercuri should receive a two-level decrease in his offense level for acceptance of responsibility.

Judge Daly sentenced Mercuri to 78 months' imprisonment, the bottom of the guideline range for offense level 28. In the course of rejecting Mercuri's arguments that the offense level should be reduced, Judge Daly stated that even if the offense level was reduced by two levels, he would still sentence Mercuri to 78 months' imprisonment, the top of the guideline range for offense level 26. *See* Sentencing Transcript at 34–35.

In his habeas petition, Mercuri contends that he would have received a two-level adjustment for acceptance of responsibility if he had pleaded guilty prior to trial, rather than after Lundy testified and the tapes were played for the jury. He alleges that he did not plead guilty prior to trial only because his lawyer failed to obtain a pretrial ruling on the admissibility of the tapes. He contends that a motion to suppress the tapes was deferred until after the start of trial because his lawyer failed to file a memorandum of law in support of the suppression motion as required by Local Rule 9(a)1. He asserts that if a supporting memorandum had been filed in a timely manner, the motion would have been denied prior to trial, enabling him to plead guilty at that time.

or the word "circuit" in the amended version of the statute may be read to modify "justice" but not "judge." Other sections of the AEDPA help resolve this ambiguity: section 103 of the Act, which amends Fed.R.App.P. 22(b), shows that Congress intends district judges to rule on motions for certificates of appealability in proceedings brought under section 2254; and section 106, which amends 28 U.S.C. § 2244(b)(3)(A), shows that Congress intends the courts of appeals to act as gatekeepers only with regard to

second or successive applications brought under sections 2254 and 2255. Viewed in light of these other provisions of the AEDPA, section 2253, as amended by section 102 of the Act, should be interpreted to authorize district judges to issue certificates of appealability in proceedings on initial applications filed under both sections 2254 and 2255. *But see Cota–Loaiza,* 936 F.Supp. at 759–61 (concluding that district courts do not have authority to issue certificates of appealability in proceedings under section 2255).

Mercuri contends that his ability to obtain a reduction for acceptance of responsibility was further impaired by his counsel's objection to the probation office's calculation of his base offense level based on his agreement to sell more than two kilograms of cocaine. Mercuri contends that his counsel's objection made him seem less contrite to Judge Daly than would have been the case if his counsel had not objected.[5]

The Government has opposed Mercuri's motion on the ground that the sentence imposed by Judge Daly would have been the same even if Mercuri's offense level had been decreased by two levels for acceptance of responsibility. The Government's memorandum in opposition quotes Judge Daly's statement at the sentencing hearing that he would have imposed a sentence of 78 months' imprisonment even if the offense level was 26, rather than 28.

*Discussion*

In *Strickland v. Washington,* the Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. To obtain relief, a defendant must show that his lawyer's performance fell below an objective standard of reasonableness and that, but for his lawyer's errors, the result of the proceeding probably would have been different. *See Boria v. Keane,* 99 F.3d 492 (2d Cir.1996) (habeas petition granted based on trial counsel's failure to provide defendant with constitutionally required advice concerning advisability of accepting offered plea rather than going to trial).

Mercuri is not entitled to a certificate of appealability because he has failed to show that, but for his lawyer's alleged errors, he would have received a lesser sentence. Mercuri's apparent belief that Judge Daly would have given him a more lenient sentence if he had pleaded guilty prior to trial, or if his counsel had not objected to the recommended offense level of 28, fails to take account of Judge Daly's statement at the sentencing hearing that he would have sentenced Mercuri to 78 months' imprisonment even if the offense level was reduced to 26.

Judge Daly's statement at the sentencing hearing conclusively shows that Mercuri is not entitled to relief under *Strickland.*

Accordingly, Mercuri's motion for a certificate of appealability is hereby denied.

So ordered.

---

**5.** In effect, Mercuri argues that his counsel should have acquiesced in the probation office's calculation of the base offense level of 28 and should have sought a two-level reduction in that offense level for acceptance of responsibility.