Gregory A. SMITH, Petitioner,

v.

UNITED STATES of America, Respondent.

Civil Action No. 97–10977–WGY.

United States District Court, D. Massachusetts.

Dec. 30, 1997.

Gregory A. Smith, Raybrook, NY, pro se.

Michael J. Pelgro, U.S. Attorney's Office, Boston, MA, for United States of America.

### *MEMORANDUM AND ORDER*

YOUNG, District Judge.

Petitioner Gregory A. Smith, ("Smith") filed a petition for post-conviction relief pursuant to 28 U.S.C. § 2255 on April 23, 1997. This Court denied Smith's petition on May 6, 1997. Smith then filed a Motion for Reconsideration pursuant to Fed.R.Civ.P. 59(e) on May 22, 1997. This Court denied that motion on June 2, 1997. Subsequently, on August 11, 1997, Smith filed a notice of appeal, a motion for a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(B) and Fed.R.App.P. 22(b), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("the Act"), Pub.L. No. 104-132, Title I, §§ 102 and 103, 110 Stat. 1214, 1217-18 (1996) (Pleading No. 9) and, in the alternative, a motion to proceed to the Court of Appeals without a certificate of appealability (Pleading No. 11).

## I. ANALYSIS

### A. APPLICABILITY OF "THE ACT" TO PETITIONER

▮ Prior to the enactment of the Act, a federal prisoner appealing from the denial of a section 2255 petition could appeal directly to the Court of Appeals without having to obtain a certificate of probable cause. A certificate of probable cause was required only for a state prisoner appealing from the denial of a section 2254 petition. The threshold showing for obtaining a certificate of probable cause was "a substantial showing of the denial of [a] federal right." *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). Section 102 of the Act amends section 2253 of Title 28 to require the issuance of a certificate of appealability based on "a substantial showing of the denial of a constitutional right" in order for a state or federal prisoner to obtain federal habeas relief. 28 U.S.C. § 2253(c)(2). Thus, the Act's amendments to section 2253 heightened the threshold showing for a federal prisoner seeking to appeal the denial of a section 2255 motion.

Smith argues that because the underlying conduct that is the basis for his petition occurred prior to the enactment of the Act, he is not subject to it. The Supreme Court has placed no such limitation on the applicability of the Act. *See Lindh v. Murphy,* — U.S. —, — —, 117 S.Ct. 2059, 2064-65, 138 L.Ed.2d 481(1997). In fact, the Supreme Court has held that a statute does not operate retroactively merely because it is applied to conduct predating the enactment of the statute. *Landgraf v. U.S.I. Film Prods.,* 511 U.S. 244, 269, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). Only in determining the applicability of the one-year statute of limitation for the filing of section 2255 petitions has this Court held, on retroactivity grounds, that the Act is not immediately applicable to cases filed after the date of the Act. *See Zuluaga v. United States,* 971 F.Supp. 616 (D.Mass. 1997); *See also Hunter v. United States,* 101 F.3d 1565, 1573 n. 6 (11th Cir.1996) *modified by, Hardwick v. Singletary,* 122 F.3d 935, 1997 WL 555715 *1 (11th Cir.1997); *Reyes v. Keane,* 90 F.3d 676, 679 (2nd Cir.1996).

The retroactivity considerations which caused this Court to hold "that a prisoner whose conviction became final prior to the effective date of the Act had one year from that date (*i.e.,* until April 25, 1997) to file a *habeas* petition" do not exist in this case. *Zuluaga,* 971 F.Supp. at 619. Smith cannot make a colorable claim of detrimental reliance. First, there is "a diminished reliance interest in matters of procedure", as such rules "regulate secondary rather than primary conduct." *Landgraf,* 511 U.S. at 275. Second, an argument that a section 2255 movant relied on the pre-Act provisions of section 2253 and Fed.R.App.P. 22(b) is not persuasive as "release from a conviction or

sentence is better sooner than later...." *Hunter*, 101 F.3d at 1573. While section 102 of the Act changes the procedure by which Smith may appeal a final order in a section 2255 proceeding, Smith still has a right of appeal if the procedure delineated in section 2253, as amended, is met. "The fact that a new statutory provision affects a defendant's ability to obtain prospective relief does not make the statute retroactive." *United States v. Searle*, 974 F.Supp. 1433, 1436 (M.D.Fla. 1997).

Congress intended the Act "to curb the abuse of the statutory writ of habeas corpus." H.R.Conf.Rep. 104–518, at 111 (1996), *reprinted in* 1996 U.S.C.C.A.N. 924, 944. The Congressional decision to heighten the procedural requirements for obtaining review by the court of appeal of a denial of section 2255 petition is consistent with this intention. Section 2253(c)(1) is a strictly procedural rule and "[c]hanges in procedural rules may often be applied in suits arising [out of events that took place] before their enactment without raising concerns about retroactivity." *Landgraf*, 511 U.S. at 275; *see Hunter*, 101 F.3d at 1572–73.

Moreover, because Smith's section 2255 motion was not pending at the time of the enactment of the Act, the pre-Act procedure for appeal of a final order in a proceeding under section 2255 does not apply to this case. *See Lindh v. Murphy*, —— U.S. ——, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997). In *Lindh*, the Supreme Court decided that the Act applies "to the general run of habeas cases only when those cases had been filed after the date of the Act." *Id.* The Supreme Court reasoned that the *Landgraf* analysis regarding statutory retroactivity, *see Landgraf*, 511 U.S. at 280, applies only where the Congressional intent cannot be determined based on an "express command" or using "normal rules of construction." *See id.* 117 S.Ct. at 2062–2063. Here the Supreme Court determined that the absence of a clear statement of retroactivity in chapter 153 contrasted with precisely such a statement in section 107(c) of chapter 154, "reveals [by negative implication] Congress's intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment...." *Id.* at 2063. A *Landgraf* analysis is thus not required for section 102 of the Act. Since the amendments to section 2253 apply to this case, Smith's arguments regarding retroactivity are inapposite.

## B. AUTHORITY OF DISTRICT COURT JUDGE TO ISSUE A CERTIFICATE OF APPEALABILITY

■ Under the First Circuit Interim Local Rule 22.1, "[a] petitioner wishing to appeal from the denial of a § 2254 or § 2255 petition must file a timely notice of appeal and should promptly apply to the district court for a certificate of appealability." Interim Loc.R. 22.1(b). A district court judge in the First Circuit thus has the authority in the first instance to consider the issuance of a certificate of appealability.[1]

---

1. Numerous courts have addressed this question with the majority of courts holding that a district court judge has the authority to issue a certificate of appealability under 28 U.S.C. § 2253 as amended and Federal Rules of Appellate Procedure 22 as amended. These courts reason that such a construction is necessary to harmonize the conflicting language in these two provisions and is consistent with Congress's legislative intent. *See Hunter*, 101 F.3d at 1574–83 (providing an extensive discussion of the legislative history of the Act and concluding that Congress did not intend to remove the district court judge's authority to issue a certificate of appealability in a habeas corpus proceeding when it amended section 2253 and the Federal Rules of Appellate Procedure 22); *Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir.1997) (acknowledging the ambiguity between Fed.R.App.P. 22[b] and 28 U.S.C. § 2255 and holding that the procedure for the issuance of a certificate of appealability is the same for a section 2254 movant or section 2255 movant); *Lozada v. United States*, 107 F.3d 1011, 1014 (2nd Cir.1997) *abrogated on other grounds by United States v. Perez*, 129 F.3d 255 (2d Cir.1997); *United States v. Eyer*, 113 F.3d 470, 472–74 (3rd Cir.1997); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir.1997); *United States v. Lopez*, 100 F.3d 113 (10th Cir.1996); *but see United States v. Cota–Loaiza*, 936 F.Supp. 756, 759–61 (D.Colo.1996) (holding that because Rule 22[b] expressly limits its applicability to proceedings arising out of processes issued by a state court, district court judges may not issue certificates of appealability in appeals taken from denials of section 2255 motions); *United States v. Coyle*, 944 F.Supp. 418, 420 (E.D.Pa.1996) (following the reasoning in *United States v. Cota–Loaiza* to hold that district court judges may not issue certificates of appealability in appeals of a final order in a section 2255 proceeding); *United*

## C. STANDARD FOR ISSUANCE OF THE CERTIFICATE OF APPEAL-ABILITY

 A certificate of appealability is a jurisdictional prerequisite to appeal from the final order of a district judge in a section 2255 proceeding. Under the Federal Rules of Appellate Procedure, the issuance of a certificate of appealability requires "a substantial showing of the denial of a constitutional right." Fed.R.App.P. 22(b); 28 U.S.C. 2253(c)(2). Rule 22 of the Federal Rules of Appellate Procedure, as amended by section 103 of the Act, applies to Smith's request for a certificate of appealability. *See* Interim Loc.R. 22.1. Smith therefore must make "a substantial showing of the denial of a constitutional right" to obtain a certificate of appealability.

What then constitutes "a substantial showing of the denial of a constitutional right?" Several circuits have considered this issue by asking whether the standard for the issuance of a certificate of appealability is the same as the standard for the issuance of a certificate of probable cause. The majority have concluded that the standard is the same, except that in granting a certificate of appealability a court is now required to indicate which specific issue or issues satisfy the threshold showing. *See Lozada v. United States,* 107 F.3d 1011, 1013–14, 1016 (2nd Cir.1997); *Herrera v. United States,* 96 F.3d 1010, 1012 (7th Cir.1996); *Hohn v. United States,* 99 F.3d 892, 892 (8th Cir.1996); *United States v. Campos,* 932 F.Supp. 1034, 1038 (W.D.Tenn. 1996); *United States v. Cota–Loaiza,* 936 F.Supp. 756, 759 (D.Col.1996).[2] *See* 28 U.S.C. § 2253(c)(3).

In *Barefoot v. Estelle,* the Supreme Court stated that "a certificate of probable cause requires petitioner to make a 'substantial showing of the denial of [a] federal right' . . . [by demonstrating] that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are 'adequate to deserve encouragement to proceed further.'" 463 U.S. at 892, 893 n. 4 (citations omitted). This Court agrees with the determination of other jurisdictions that the standard for the issuance of a certificate of appealability is the same as a certificate of probable cause. A review of the cases cited by Barefoot for the proposition that the issuance of a certificate of probable cause requires "a substantial showing of a federal right" clearly defines a federal right as the denial of a fundamental right under the Constitution. *See id.* at 893.

Furthermore, the purpose of the certificate of probable cause was to prevent frivolous appeals from delaying the ability of state governments to impose sentences. *See id.* at 892. Given that Congress's intent in enacting the Act was to reduce frivolous appeals under habeas corpus, creating a similar threshold requirement to appeal from a final order in a section 2255 proceeding is consistent with that intent. *See Lozada,* 107 F.3d at 1013–14, 1016. Accordingly, this Court holds that, in the context of a section 2255 movant, the standard for the issuance of the certificate of appealability is the same as for the issuance of the certificate of probable cause except for the specificity requirement.[3]

 In the instant case, this Court conducted a thorough plea colloquy and simply does not credit that Smith lied when asked whether other promises or threats were

---

States v. Johnson, *940 F.Supp. 167, 171 (W.D.Tenn.1996) (same).*

**2.** Similarly, in the context of a § 2254 movant, courts have held that the standard for the issuance of a certificate of appealability is the same as for a certificate of probable cause. *See Reyes v. Keane,* 90 F.3d 676, 680 (2nd Cir.1996); *Nelson v. Walker,* 121 F.3d 828, 832 (2nd Cir.1997); *Muniz v. Johnson,* 114 F.3d 43, 45 (5th Cir.1997); *Porter v. Gramley,* 112 F.3d 1308, 1312 (7th Cir. 1997); *Lennox v. Evans,* 87 F.3d 431, 433 (10th Cir.1996). The only exception to this position is the Ninth Circuit's opinion in *Williams v. Calder-*

on, 83 F.3d 281 (9th Cir.1996) where the court states, without explanation, that the certificate of appealability standard is more demanding the certificate of probable cause standard. *Id.* at 286.

**3.** The Federal Rules of Appellate Procedure for the First Circuit require that "[i]f the district court grants a certificate of appealability, it must state which issue or issues satisfy the standard set forth in 28 U.S.C. § 2253(c)(2). If the district court denies a certificate of appealability, it shall state the reasons why the certificate should not issue." Interim Loc.R. 22.1(b).

made to him or whether he was covering up for someone else. The other matters he raises either ought have been raised on direct appeal or demonstrate no showing of prejudice stemming from the conduct of counsel.

## II. CONCLUSION

This Court DENIES Smith's request to proceed to the Court of Appeals without a certificate of appealability, because the Federal Rules of Appellate Procedure for the First Circuit require a section 2255 movant to first petition for a certificate of appealability from the district court. This Court DENIES Smith's request for a certificate of appealability, because he fails to make a substantial showing of the denial of a constitutional claim as required by 28 U.S.C. § 2253(c)(2).