Giordano v. NH State Prison          CV-97-154-M    05/18/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Vincent Giordano,
      Plaintiff

      v.                                    Civil No. 97-154-M

Michael J. Cunningham, Warden,
New Hampshire State Prison,
      Defendant


# O R D E R


Plaintiff, Vincent Giordano, proceeding pro se, has filed an amended petition for writ of habeas corpus in which he condenses his grounds for habeas relief into two claims.  He raises ineffective assistance of counsel, based on his trial counsel's failure to raise a speedy trial violation claim and acquiescence in references to Giordano's alleged attempts to steal foreign currency returned to him, and prosecutorial misconduct also based on references to the foreign currency issue.  The amended petition is allowed.

Before filing his present amended petition, Giordano moved for supplemental discovery pursuant to Habeas Corpus Rule 6. Discovery is limited in habeas corpus proceedings. Bracy v. Gramley, 117 S. Ct. 1793, 1796-97 (1997).  Under the habeas rules, discovery is available only "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."  Rule 6(a) of the Rules Governing Section 2254 Cases.  In deciding whether to allow discovery, the court must first determine the "essential

elements" of a petitioner's claim for relief, and whether, if the elements could be proved, the asserted claim describes a constitutional violation. Bracy, 117 S. Ct. at 1797. Then, the court must consider whether "good cause" exists to allow discovery, that is whether "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Id. at 1799 (quotation omitted). Thus, appropriate discovery will be allowed only when necessary to develop facts pertinent to a potentially meritorious claim for habeas relief.

Giordano seeks discovery through requests for "admissions of facts" and "authenticity of documents," apparently referring to his discovery request titled "Request for Admission of Fact" containing fifty-eight separate requests filed with his motion to conduct discovery on February 11, 1998. Because Giordano amended his petition after he moved for discovery, his request pertains to a previous version of his petition, not the present petition.

If Giordano intends to pursue discovery with respect to his present amended petition, he must file a new motion for discovery that is focused on the issues raised in his present petition. The court cautions petitioner, however, that his previous discovery motion contains requests for admissions that are likely not relevant to his present claims. In addition, many of his previous requests for admissions reference a state proceeding or transcript passage and seem merely to ask the state to agree that the reference, or petitioner's legal conclusion, is correct. If

2

petitioner is simply seeking to confirm the authenticity of the transcripts submitted in this case, the state would likely stipulate. However, requests that ask the state to "admit" transcript or pleading quotations, or legal argument, are plainly not aimed at developing the factual basis of petitioner's claims and are not likely to meet the "good cause" requirement. So, if petitioner intends to seek discovery related to his present amended petition, he must carefully focus his requests on factual issues pertinent to pending claims for relief in light of the legal standard applicable to discovery in habeas cases.

Further, because the amendments to 28 U.S.C.A. § 2254 apply to petitions filed after the effective date of the Antiterrorism and Effective Death Penalty Act("AEDPA"), April 24, 1996, the presumptions and burdens pertinent to factual issues in section 2254(e) apply to this case.[1] See Lindh v. Murphy, 117 S. Ct. 2059 (1997); Santiago Rodriguez v. Superintendent, Bay State Correctional Center, No. 97-8068, 1998 WL 119670 (1st Cir. March 23, 1998). While section 2254(e) does not necessarily preclude all discovery, see Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997), it clearly makes a "good cause" showing much more difficult. Factual issues determined in a state court proceeding are presumed to be correct, and, may be rebutted only by clear and convincing evidence, and, alternatively, if petitioner failed to develop the factual basis of his claim in state proceedings,

---

[1]The one-year "grace" period applies only to the filing limitations period imposed by the AEDPA amendments to section 2254. Smith v. United States, 989 F. Supp. 371 (D. Mass. 1997).

3

he will not be entitled to a federal hearing unless he can meet the requirements of section 2254(e)(2).  28 U.S.C.A. § 2254(e).

## Conclusion

For the foregoing reasons, Giordano's "Supplemented Motion for Discovery" (document no. 68) is denied without prejudice, and his motion for extension of time (document no. 65) is denied as moot.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 18, 1998

cc:  Vincent Giordano
     Ann M. Rice, Esq.