Randall J. COFSKE, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. CIV. A. 99–40162–NMG.

United States District Court,
D. Massachusetts.

April 20, 2001.

Randall J. Cofske, Minnersville, PA, pro se.

Donald L. Cabell, U.S. Attorney's Office, Boston, MA, for U.S.

## MEMORANDUM & ORDER

GORTON, District Judge.

Pending before this Court is the *pro se* application of the Petitioner, Randall Cofske ("Cofske"), for issuance of a Certificate of Appealability ("COA"). Cofske filed his original petition to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 on September 21, 1999, and that petition was denied by this Court on May 18, 2000. On May 25, 2000, Cofske filed a Motion to Reconsider and that motion was denied by this Court on August 18, 2000.

Cofske then attempted to appeal directly to the United States Court of Appeals for the First Circuit. The First Circuit issued an Order, dated December 4, 2000, directing Cofske first to file a request for a Certificate of Appealability in this Court. On February 12, 2001, Cofske filed the

pending "Application for Certificate of Appealability" (Docket No. 17).

## I. Law Governing Issuance of a Certificate of Appealability

■ Under federal statute, federal rules and the local rules for the United States Court of Appeals for the First Circuit, a habeas petitioner may not appeal the final order of a district court dismissing his petition unless he first obtains a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(stating that a habeas petitioner may not appeal the district court's final judgment unless a "circuit justice or judge" issues a COA); Fed. R.App. P. 22(b) (stating that an appeal by a habeas petitioner may not proceed without the issuance of a COA by a district or circuit judge); Loc. R. 22.1(a), Rules of Court for the United States Court of Appeals for the First Circuit (stating that ordinarily a request for a COA should be made to the district court that dismissed the original petition).

Section 2253(c), as amended by the Anti–Terrorism and Effective Death Penalty Act of 1996, provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In ruling on a motion for a COA, a district court must state which issues, if any, satisfy the standard set forth in § 2253(c)(2) or the reasons for its denial of the motion. Loc. R. 22.1(a).

■ Where a district court has rejected constitutional claims on the merits, the petitioner seeking a COA must show that (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are "adequate to deserve encouragement to proceed further." *Smith v. United States*, 989 F.Supp. 371, 374

(D.Mass.1997) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)).

## II. Factual Background

On July 17, 1996, a federal grand jury sitting in Boston returned a five-count indictment charging Cofske and four others with various firearm offenses in violation of Title 18, including one court of Possession of Stolen Firearms in violation of 18 U.S.C. § 922(j), and one count of Transportation of Stolen Firearms in violation of 18 U.S.C. § 922(i).

On March 3, 1997, Cofske pled guilty to Count One of the Indictment charging him with possession of stolen firearms pursuant to a plea agreement entered into on or about February 21, 1997. Cofske's Presentence Report ("PSR") set his base offense level at 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A) because Cofske had one prior felony conviction of either a crime of violence or a controlled substance offense. The PSR also recommended a three-level enhancement, pursuant to § 2K2.1(b)(1)(c), because the offense involved between eight and twelve firearms, and a four-level enhancement, pursuant to § 2K2.1(b)(5), because Cofske possessed a firearm in connection with another felony offense.

At sentencing, this Court accepted the PSR recommendations, although it specified that the four-level enhancement under § 2K2.1(b)(5) was for Cofske's role in transferring several firearms to co-defendant Reynaldo Barnes with reason to believe that they would thereafter be used in connection with another felony. Following a three-level reduction for acceptance of responsibility, Cofske's total offense level was found to be 24. The additional finding that Cofske fell in Criminal History Category V, rendered an applicable guideline range of 92–115 months, and this Court sentenced Cofske to the low end of that range.

### III. Petitioner's Original § 2255 Petition

In his original § 2255 petition, Cofske alleged various claims of ineffective assistance of counsel and argued, *inter alia,* that his trial counsel, Attorney Roger Witkin, provided ineffective assistance at his sentencing because the attorney failed to raise an objection to and/or did not zealously present a defense in connection with the establishment of Cofske's base offense level of 20. Cofske claimed that he had *not* been convicted of a prior felony which, in turn, adversely affected the determination of his base offense level.

In the Memorandum and Order denying Cofske's § 2255 petition, this Court analyzed Cofske's ineffective assistance of counsel claims according to the standard provided in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). According to *Strickland,* in order for an ineffective assistance of counsel claim to succeed, the Petitioner must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness, and (2) Petitioner was consequently prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Thus, even if counsel provided ineffective assistance, the court must delve into the merits of the case to determine if Petitioner was prejudiced.

In its Opinion denying Cofske's petition under § 2255, this Court (1) held that Cofske failed to show prejudice and (2) rejected as "misplaced" Cofske's argument that his breaking and entering conviction of May, 1990 was nullified by his appeal. This Court stated that "U.S.S.G. § 4A1.2(*l*) makes clear that its pertinent provisions apply to prior sentences the execution of which have been stayed pending appeal just as though the execution of such sentences had not been stayed." *Citing United States v. Howard,* 991 F.2d 195, 200 (5th Cir.1993). This Court concluded that it had properly used the breaking and entering conviction in calculating Cofske's base offense level.

### IV. The Pending Petition for a Certificate of Appealability

In his petition for a COA, Cofske reiterates his argument concerning the ineffective assistance of trial counsel with respect to the establishment of his base offense level at 20. Cofske maintains that the breaking and entering conviction originally entered on May 11, 1990 was "nullified" and "proceedings began anew", culminating in an "actual date of conviction" of January 29, 1993. He contends that the date of the alleged "actual" breaking and entering conviction occurred *after* October, 1992, the month during which the firearms offense was allegedly committed. According to Cofske, the breaking and entering conviction should not, therefore, have been counted as part of his criminal history or base offense level because it occurred after the date of the offense charged in the case before this Court.

In denying Cofske's § 2255 petition, this Court reached the merits of the claim of ineffective assistance of counsel with respect to the alleged failure to score properly the breaking and entering offense. Therefore, in order to warrant the issuance of a COA, this Court must find that (1) the Sentencing Guidelines/sequence issue is debatable among jurists of reason, (2) that a court could resolve the issue in a different manner, or (3) that the question is "adequate to deserve encouragement to proceed further." *See Smith,* 989 F.Supp. at 374.

The issue presented does not meet the above criteria for the issuance of a COA. According to the express language of U.S.S.G. § 4A1.2(*l*), "[p]rior sentences un-

der appeal are counted except as expressly provided below," and the breaking and entering conviction does not meet any of the exceptions contained within that guideline. Because § 4A1.2 was designed to be broadly inclusive, excluding only those prior convictions specifically excepted, *see United States v. Roberts*, 122 F.3d 1064, *3 (4th Cir.1997), this Court properly considered Cofske's breaking and entering conviction when determining his base offense level and criminal history.

Moreover, according to U.S.S.G. § 4A1.2, Application Note 1:

> "Prior sentence" means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense .... **A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense.**

(emphasis added). Under that definition of a "prior sentence", the breaking and entering conviction was properly considered as part of Cofske's criminal history. That is so because even if this Court accepts January, 1993 rather than May, 1990 as the date Cofske was sentenced on the breaking and entering conviction, the fact that the firearms violation was committed in October, 1992 is not controlling. What matters is that Cofske was sentenced for that crime in July, 1997.

### ORDER

For the foregoing reasons, petitioner's Motion for a Certificate of Appealability (Docket No. 17) is **DENIED.**

**So ordered.**