Lionel J. PARADISE, Jr., Petitioner,

v.

Larry E. DuBOIS, Respondent.

No. CIV.A. 98–40060–NMG.

United States District Court, D. Massachusetts.

Dec. 21, 2001.

■■■■■■■

Terry S. Nagel, Springfield, MA, for Petitioner.

Cathryn A. Neaves, Attorney General's Office, Boston, MA, for Respondent.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is the substituted and amended application of Petitioner, Lionel J. Paradise, Jr., for issuance of a Certificate of Appealability ("COA") [1]. Paradise filed his original petition for a writ of habeas corpus under 28 U.S.C. § 2254 on April 21, 1998. The case was referred to Magistrate Judge Charles B. Swartwood, III on May 14, 1999 and he issued a Report on November 9, 2000 recommending that the petition be denied. On February 19, 2001 this Court accepted and adopted the Recommendation of Magistrate Judge Swartwood and denied the petition for a writ of habeas corpus.

## I. *Background*

On December 11, 1984, Paradise was convicted of the murders of two children, armed assault with intent to murder another child, and assault and battery by means of a dangerous weapon. Paradise was sentenced to two consecutive life sentences for the murder convictions, a consecutive nineteen and one-half to twenty year term for the conviction for armed assault and a concurrent nine and one-half to ten year term for the conviction for assault and battery with a dangerous weapon.

Paradise appealed his convictions in state court on eight grounds none of which alleged ineffective assistance of counsel.[2] The Supreme Judicial Court ("SJC") affirmed his convictions.

On April 3, 1995, Paradise, proceeding pro se, filed a motion for a new trial on the following four grounds: 1) he received ineffective assistance of counsel because his attorney failed to advise him of his constitutional right to testify and failed to secure the appearance of a material witness at trial, 2) the prosecution failed to disclose exculpatory evidence, 3) the trial judge's actions at trial demonstrated his bias against Petitioner, and 4) the jury instructions were erroneous. The state trial court denied the motion.

Paradise then filed a "Motion for Reconsideration and to Amend Defendant's Pro Se Motion for a New Trial," seeking relief on the grounds of ineffective assistance of counsel. In addition to the two ineffective assistance of counsel claims asserted in his first motion for a new trial, he also alleged that his attorney failed to meet with him for a sufficient period of time prior to trial. The trial court denied the motion.

Paradise subsequently filed a petition for leave to appeal in the Supreme Judicial Court pursuant to the gatekeeper provision of M.G.L. c. 278 § 33E. In the petition, Paradise realleged his ineffective assistance of counsel claims. He also asserted that his attorney rendered ineffective assistance by failing to request an inquiry into the jury's request for mental examination reports when no mention of such reports had been made at trial. The SJC denied the petition on the merits, but did not address Petitioner's claim that his trial attorney failed to meet with him for a sufficient period of time prior to trial.

1. Petitioner filed the original Request for a COA (Docket No. 36) on March 21, 2001. He then filed a motion for leave to file an amended and substituted Request (Docket No. 37) on March 27, 2001 which this Court granted on June 26, 2001 because Petitioner's counsel had failed to attach certain exhibits to the original Request.

2. Because Petitioner's trial counsel represented him on direct appeal, his failure to raise ineffective assistance of counsel claims on direct appeal does not constitute a waiver of those claims. *Commonwealth v. Lefave,* 430 Mass. 169, 172 n. 3, 714 N.E.2d 805 (1999).

## II. Discussion

### A. The Original § 2254 Petition

In his original habeas petition, Paradise alleged various ineffective assistance of counsel claims arguing that his trial counsel 1) failed to summons or request the presence of a witness, 2) refused to allow Petitioner to testify and failed to inform him of his right to do so, 3) failed to meet with Petitioner on a sufficient number of occasions prior to trial, and 4) failed to inquire into the jury's request for mental examination reports when there was no evidence or testimony that Petitioner had received such an exam.

In the Memorandum and Order denying Paradise's § 2254 petition, this Court analyzed Petitioner's ineffective assistance of counsel claims according to the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[3] According to *Strickland*, in order to succeed on an ineffective assistance claim, the Petitioner must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness and (2) Petitioner was consequently prejudiced. *Id.* at 687, 104 S.Ct. 2052. Thus, even if counsel provided ineffective assistance, the court must delve into the merits of the case to determine whether the Petitioner was prejudiced. The defendant must

> show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Id.* at 694, 104 S.Ct. 2052.

Analyzing Paradise's claims according to the standard articulated in *Strickland*, this Court held that Petitioner failed to show prejudice. This Court found that due to the overwhelming evidence inculpating Paradise, including the eyewitness testimony of the lone surviving witness, there was no reasonable likelihood that the outcome at trial would have been different if 1) the witness had been present, 2) trial counsel had met with Petitioner on more occasions, 3) Petitioner had testified, or 4) counsel had inquired into the jury's request for mental examination reports.

### B. Law Governing Certificate of Appealability

Under federal statute, federal rules and the local rules for the First Circuit Court of Appeals, a habeas petitioner may not appeal the final order of a district court dismissing his petition unless he first obtains a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(stating that a habeas petitioner may not appeal the district court's final judgment unless a "circuit justice or judge" issues a COA); Fed. R.App. P. 22(b)(stating that an appeal by a habeas petitioner may not proceed without the issuance of a COA by a district or circuit judge); Loc. R. 22.1(a), Rules of Court for the United States Court of Appeals for the First Circuit (stating that ordinarily a request for a COA should be made to the district court that dismissed the original petition).

Section 2253(c), as amended by the Anti–Terrorism and Effective Death Penalty Act of 1996, provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In ruling on a

---

**3.** Even though this Court found that the claim that Petitioner received ineffective assistance of counsel because his attorney met with him on only a few occasions prior to trial was procedurally barred, it nonetheless reached the merits of that claim. Petitioner procedurally defaulted on that claim because he failed to raise it in his pro se motion for a new trial. *Commonwealth v. Lefave*, 430 Mass. 169, 172–73, 714 N.E.2d 805 (1999).

motion for a COA, a district court must state which issues, if any, satisfy the standard set forth in § 2253(c)(2) or the reasons for its denial of the motion. ·Loc. R. 22.1(a).

■ Where, as here, a district court has rejected constitutional claims on the merits, the petitioner seeking a COA must show that (1) the issues are debatable among jurists of reason, (2) a court could resolve the issues in a different manner, or (3) the questions are "adequate to deserve encouragement to proceed further." *Smith v. United States*, 989 F.Supp. 371, 374 (D.Mass.1997)(*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)).

## C. Paradise's Request for Certificate of Appealability

In his petition, Paradise reiterates his arguments concerning the ineffective assistance of trial counsel with respect to his attorney's 1) failure to secure the presence of a particular witness at trial, 2) failure to cure or object to the possibility of the jury's exposure to extraneous information regarding mental examination reports, 3) failure to meet with Petitioner for a sufficient period of time prior to trial and doing so while intoxicated, and 4) unilateral decision to prevent Petitioner from testifying.

Because this Court reached the merits of the issues, in order to allow a COA on those issues, this Court must find that 1) the issues are debatable among jurists of reason, 2) a court could resolve the issues in a different manner, or 3) the question is "adequate to deserve encouragement to proceed further." *Smith*, 989 F.Supp. at 374.

■ The issues presented do not appear to satisfy the above criteria for the issuance of a COA. It is not debatable that Paradise has failed to show that there is a reasonable probability that the outcome of the trial would have been different without the alleged ineffective assistance of his trial counsel. Even though one of the witnesses was not summonsed to appear for trial, her statements that were favorable to Petitioner were read to the jury. Her physical presence would most likely have damaged Petitioner's case because her statements would have been subjected to cross examination by the prosecution. Her testimony was inconsistent with statements made by Petitioner as well as testimony of the lone surviving victim. Moreover, the other evidence which included samples of Petitioner's blood and some of his belongings found at the scene so overwhelmingly inculpated Petitioner that there is no reasonable probability that the outcome of the trial would have been different.

■ Petitioner also failed to show that there was a reasonable probability that the outcome would have been different had his attorney objected to or cured the possibility that the jury was exposed to extraneous information during the trial. During jury deliberations, the jury submitted a question to the judge requesting medical examination reports from Petitioner's stay at Bridgewater State Hospital. This request was puzzling because there was no evidence or testimony that Petitioner had been sent to Bridgewater State Hospital. In addition, Petitioner's mental state was not introduced into evidence. The judge instructed the jury that no such reports were in evidence and that they were not permitted to speculate about the possibility of any such reports.

Paradise argues that his attorney's failure to object or to request an inquiry constituted ineffective assistance of counsel. It was proper for this Court to find that trial counsel's decision not to call further attention to the Bridgewater state

report constituted a reasonable tactical decision. Moreover, other evidence incriminating Paradise was such that any difference in his attorney's actions would not likely have changed the outcome of his trial.

With respect to Paradise's claim that he received ineffective assistance of counsel because his trial attorney did not meet with him frequently enough prior to trial and did so on one occasion while intoxicated, this Court found that claim to be barred from habeas review because it was decided on an adequate and independent state procedural ground. Because the record of the state proceedings does not, however, specify that the state court decided to dismiss that claim on procedural grounds, this Court reviewed the merits of that claim. Therefore, this Court applies the same standard as applied above to determine whether a COA should be issued.

■ Petitioner raised the issue of his counsel's inattentiveness for the first time in his second pro se motion for a new trial. This Court properly rejected Petitioner's claim that he received ineffective assistance of counsel because his attorney met with him on only a few occasions prior to trial. In analyzing an ineffective assistance of counsel claim, a court must "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. This Court properly concluded that even if trial counsel met with Petitioner on only three occasions prior to trial such conduct does not, by itself, fall outside the wide range of reasonable professional assistance.

The allegation that Petitioner's trial counsel was intoxicated during one of the meetings with Petitioner is more troubling. It should be noted that Petitioner did not raise that issue until his second motion for a new trial, and this Court does not find it credible. Moreover, he does not allege intoxication as a separate grounds for finding ineffective assistance of counsel. Rather, he discusses the allegation in his statement of facts supporting his argument that counsel failed to meet with him on a sufficiently regular basis.

■ Petitioner states that on one occasion, his trial counsel appeared red-faced and smelled of alcohol. He does not proffer any other evidence in support of the allegation nor does he allege that trial counsel's services on that occasion were hindered or deficient. Although this Court finds the allegation troubling, Petitioner has failed to allege or show that his attorney's conduct was so prejudicial as to "undermine confidence in the outcome of trial and the fundamental fairness of the result." *Strickland*, at 693–94, 104 S.Ct. 2052.

■ Finally, this Court rejected Petitioner's claim that his trial counsel rendered ineffective assistance of counsel by refusing to allow Petitioner to testify. Because such a claim implicates a defendant's due process right to testify on his own behalf, courts have adopted a more stringent test for ineffective assistance of counsel than that articulated in *Strickland*. Those courts have found that a defendant's right to testify is:

> so basic to a fair trial that its infraction can never be treated as harmless error, which is in essence the inquiry required to be made by the second, prejudice to the defense prong of *Strickland*.

*United States v. Butts*, 630 F.Supp. 1145, 1148 (D.Me.1986); *see also United States v. Systems Architects, Inc.*, 757 F.2d 373 (1st Cir.1985); *Wright v. Estelle*, 572 F.2d 1071, 1074 (5th Cir.1978).

Here, however, Petitioner has failed to show that he was coerced into not testify-

ing, and therefore this Court properly rejected Petitioner's claim in its Order dismissing Petitioner's § 2254 application. It is well-settled that:

> unaccompanied by coercion, legal advice concerning exercise of the right to testify infringes no right, but simply discharges defense counsel's ethical responsibility to the accused.

*Lema v. United States,* 987 F.2d 48, 51 (1st Cir.1993). Petitioner failed to make a showing that his failure to testify was a result of coercion as opposed to his counsel's advice that to testify would be damaging to his case. This claim was therefore properly rejected by this Court.

### ORDER

For the reasons set forth in the memorandum above, Petitioner's request for a Certificate of Appealability (Docket No. 39) is DENIED.

So ordered.